# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOH WILLIAMS,<br><br>　　　　　　Defendant. | CRIM NO. 3:19-CR-00079 |

## OMNIBUS RESPONSE TO UNITED STATES PRETRIAL MOTIONS

**COMES NOW** the Defendant, Joh Williams, and through his undersigned counsels, Kye Walker, Esq. and Keila M. Belt, Esq., and hereby files this Omnibus Response to United States' Pretrial Motions.  On November 22, 2023, the Government filed the following slew of non-substantive motions:

- motion to allow *voir dire* [Doc. No. 624];
- motion to exclude evidence and argument regarding punishment [Doc. No. 625];
- motion to admit co-conspirator's statements [Doc. No. 623];
- motion to compel compliance with Rules 702, 703, and 705 [Doc. No. 622];
- motion to allow case agent to remain in the courtroom and to exclude Defendant's testifying witnesses [Doc. No. 626];
- motion to preclude duress, necessity, or justification defenses [Doc. No. 627];
- motion to preclude self-serving hearsay [Doc. No. 628];
- motion to recall witnesses pursuant to Rule 611 [Doc. No. 629]; and
- motion to use evidence during opening statement [Doc. No. 630].

The majority of these motions involve routine housekeeping matters for which motion practice is unnecessary such as the motion to allow the case agent to remain in the courtroom, the motion to recall witnesses, and the motion to allow *voir dire*.  Williams addresses each of the motions, in turn, below:



The Walker Legal Group
2201 Church St.
Ste. #16AB, 2nd Floor
Christiansted, St. Croix
USVI 00820
Tel: 340-773-0601
Fax: 888-231-0601
kye@thewalkerlegalgroup.com

USA v. Joh Williams, CRIM NO. 3:19-CR-00079
**OMNIBUS RESPONSE TO UNITED STATES PRETRIAL MOTIONS**
Page 2

A. **MOTION TO ALLOW *VOIR DIRE* [DOC NO. 624]**

The Government moves for an order allowing each party equal time for voir dire questions and to "be allowed to address the prospective jurors after defendants have conducted their questioning given the United States' burden of proof beyond a reasonable doubt." The Government lacks citation to any legal authority to support its position.

Pursuant to Rule 24 of the Federal Rules of Evidence, both parties are equally permitted to examine prospective jurors. Further, it is the defendant, not the Government, that has a constitutional right to "a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. As it is the right of the defendant that the *voir dire* process protects, Williams should be permitted to conduct rebuttal *voir dire*, through the Court or otherwise, as necessary. *See e.g., Ochoa v. Davis*, 50 F.4th 865, 878 (9th Cir. 2022) (analyzing and upholding the *voir dire* conducted at trial in which the jury was first questioned by the trial court, then by defense counsel, then by the prosecutor, and finally by defense counsel again after the trial court granted the defense some rebuttal *voir dire*).

B. **MOTION TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PUNISHMENT [DOC. NO. 625]**

Here, the Government seeks to exclude evidence and argument regarding punishment. As it is well-established that juries must perform their role "without being influenced in any way by what the consequences of its verdict might be", Williams does not intend to seek to admit, solicit, or reference any information regarding punishment at trial.

### C. **MOTION TO ADMIT CO-CONSPIRATOR STATEMENTS [DOC NO. 623]**

The Government's request to admit co-conspirator statements is both premature and significantly lacking. By the Government's admission, in order for the court to admit co-conspirator statements the Government has to prove several elements by a preponderance of the evidence as delineated in *Bourjaily v. United States*, 483 U.S. 171 (1987). What the Government fails to address is its duty under *Bourjaily* and Federal Rule of Evidence 801(d)(2) to establish that a conspiracy involving Williams existed. *See United States v. Kemp*, No. 04-370, 2005 U.S. Dist. LEXIS 2072 (E.D. Pa. Feb. 10, 2005) (finding that a mere reading of transcripts without any context does not allow for an informed judgment on whether the statements meet the test under the Federal Rules of Evidence). Such a finding cannot be made absent a hearing in which the Government proffers its specific evidence of a conspiracy. *Id.* at *12.

The Government's motion is completely devoid of what statements it is seeking to introduce, the context of those statements, or even which co-conspirators are the declarants. Absent such information, Williams cannot competently address the admissibility of co-conspirator statements generally and the court cannot make an informed judgment on the Government's request. Thus, Williams objects to the Government's motion to admit co-conspirator statements until such time the Court conducts the appropriate evidentiary hearing and the Government first establishes that a conspiracy involving Williams existed and identifies the statements it purports were made by co-conspirators during and in furtherance of the conspiracy.

### D. **MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH FRE 702,**

*USA v. Joh Williams,* CRIM NO. 3:19-CR-00079
**OMNIBUS RESPONSE TO UNITED STATES PRETRIAL MOTIONS**
Page 4

**703, AND 705 [DOC NO. 622]**

In its rather perplexing motion, the Government states that "[t]o dated (*sic*), defendants have not provided formal notice of any expert witness," but requests the Court to order Williams to disclose all experts and to comply with the Federal Rules of Criminal Procedure and Federal Rules of Evidence."

Williams does not intend to use an expert witness.

The duty to disclose the identity of an expert witness who may be called at trial is triggered by a party's intention to use an expert witness at trial to present evidence. FED. R. CRIM P. 26(2) (A). Absent such intent, no such disclosure is required. Williams has made no indication he is currently intending on calling an expert witness at trial. Thus, the Government's Motion to Compel compliance with Rules 702, 703, and 705 is unnecessary as Williams has not provided notice of any intent to present expert witness testimony. However, Williams reserves the right to identify and use an expert witness and disclose his intention to do so in accordance with the applicable rules and any order of this Court.

E. **MOTION TO ALLOW CASE AGENT TO REMAIN IN COURTROOM AND EXCLUDE DEFENDANTS' TESTIFYING WITNESSES FROM THE COURTROOM DURING TRIAL [DOC NO. 626]**

The Government seeks to have its case agent present at the prosecution table during trial and to exclude Williams' witnesses from the courtroom. Williams' has no objection to the Government's trial representative's, whether such representative is a case agent, presence at the prosecution table during trial nor does he object to invocation of the rule for all parties. To the extent the Government seeks advance approval to have its case

agent present, its motion is lacking.

Rule 615 prohibits the exclusion of a witness from the courtroom where the party <u>shows</u> a person's presence is essential to presenting that party's claim or defense. FED. R. EVID. 615(a)(3). Here, the Government has made a blanket representation that DEA Special Agent Timothy Krisik "has been critical to the investigation" and is "an integral part of the trial team." [Doc. No. 626]. No further explanation is provided as to how Agent Krisik is essential to presenting the Government's case that could amount to a showing as required by the rules. It is unclear, at a minimum, what role Agent Krisik had in the investigation and/or case, at what stage he became involved, or how long he was involved. *See United States v. Wallace*, No. 00-122 S, 2017 U.S. Dist. LEXIS 9708, at *55-56 (D.R.I. Jan. 24, 2017) (discussing the evidence the court relied on to affirm the Government's case agent's presence at trial, including his position, his role as lead detective, how his involvement terminated, and when he became involved).

Furthermore, the Government's reliance on *United States v. Gonzalez* is misplaced. Gonzalez' discussion regarding the presence of a case agent in the courtroom involved a case agent who the Government designated as its representative at trial pursuant to subparagraph (a)(2) of Rule 615. *United States v. Gonzalez*, 918 F.2d 1129, 1137 (3d Cir. 1990). The Government has made no assertion it has designated Agent Krisik as its trial representative.

To the extent the Government seeks to invoke the rule, Williams submits that all testifying witnesses with the exception of the Defendants themselves and the Government's trial representative should be excluded from the courtroom until the time

of their testimony.

### F. MOTION TO PRECLUDE DURESS, NECESSITY, OR JUSTIFICATION DEFENSES [DOC NO. 627]

The Government seeks exclusion of any statement related to a defense of duress, necessity, or justification during opening statement or in Williams' case-in-chief. This request lacks legal support.

The Government's request here is both premature and improper. Prohibiting a defendant from a "meaningful opportunity to present a complete defense" is a violation of a defendant's right to due process under the Fourteenth Amendment. *California v. Trombetta,* 467 U.S. 479, 485 (1984). Failing to instruct a jury on the defendant's defense when requested and where there is sufficient evidence to support such an instruction is equally a due process violation. *Taylor v. Withrow*, 288 F.3d 846, 851 (6th Cir. 2002) (citing *California v. Trombetta,* 467 U.S. 479, 485 (1984)).

The Government relies on *United States v. Perez* to support its request to preemptively exclude the introduction of evidence pertaining to justification defenses [Doc. No. 627]. However, what the Government interestingly omits from its discussion of *Perez* is the court's acknowledgment that a defendant is entitled to an instruction on any defense for which there is some support in the evidence so long as that evidence is sufficient to allow a reasonable jury to find the defense proven. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). The remedy for asserting a defense in which there is insufficient evidence elicited to support it, is the exclusion of the corresponding jury instruction, as was done in *Perez*. *Id*. The remedy is not to violate a defendant's right to

due process by restricting his ability to even attempt to present his defense.

Furthermore, the Government misrepresents the issue of jury nullification. In citing *United States v. Boone*, the Government represents that the case stands for the proposition that failure to exclude evidence pertaining to justification defenses creates an unfair risk of jury nullification [Doc. No. 627]. *Boone*, however, does not address neither the assertion of affirmative defenses nor the effect of the jury hearing evidence that should have been excluded. Rather, *Boone* analyzed the risk of jury nullification as it related to how the court addressed the jury during its delivery of jury instructions based on accusations of improper conduct on part of a member of the jury. *United States v. Boone*, 458 F.3d 321 (3d Cir. 2006).

The Government's motion is void of any legal authority supporting its request to preemptively exclude evidence of a defense without allowing Williams an opportunity to present his evidence and then allowing there to be an analysis of whether the evidence presented is sufficient to warrant a jury instruction. As such, Williams objects to the Government's motion to preclude any of the justification defenses.

G. **MOTION TO PRECLUDE SELF-SERVING HEARSAY [DOC NO. 628]**

The Government seeks a blanket order, in advance of trial, precluding Williams' attempt to introduce any statements made by Defendants to law enforcement and possibly others. This motion is also premature.

Although the Government is correct in its recitation of the rule on a party's own statements, preemptive exclusion would be an unjust remedy. As is the case with much of the rules on hearsay, there are exceptions and statements that are excluded from the

definition given the arguments presented at the time of the statement's introduction. By making a blanket ruling that Williams cannot elicit any of his own statements through another witness forecloses any opportunity he may have to validly argue for the statement's admissibility. If, at the time a potential statement is elicited, the court entertains argument on its admissibility and rules against its admission, then would exclusion be proper, subject to objection. *See, United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa.2017)("[a] trial court should exclude evidence on a motion *in limine* **only** when the evidence is clearly inadmissible on all potential grounds.")(emphasis added). In *United States v. Hawari-Rasulullah*, the District Court for the Middle District of Pennsylvania summarized this issue:,

> [f]urther, while motions *in limine* may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions 'if the context of trial would provide clarity.' Indeed, 'motions *in limine* often present issues for which final decision is best reserved for a specific trial situation.' Thus, certain motions, 'especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context.'

2002 U.S. Dist. LEXIS 198198, at *2-3 (M.D.Pa. October 31, 2022)(citations omitted).

As such, Williams objects to the Government's request to preclude any statement made by Defendants in advance of trial. Instead, any evidentiary rulings regarding hearsay should be made in the context of when the evidentiary issue arises and with the benefit of the arguments of the parties at that time.

H. **MOTION TO RECALL WITNESSES PURSUANT TO FRE RULE [*SIC*] 611 [DOC NO. 629]**

*USA v. Joh Williams,* CRIM NO. 3:19-CR-00079
**OMNIBUS RESPONSE TO UNITED STATES PRETRIAL MOTIONS**
Page 9

The Government seeks permission to call some witnesses on multiple occasions to facilitate a chronological presentation of its case-in-chief. Williams does not object to the motion so long as the Government complies with the repeated orders to provide Williams' with a pre-trial memorandum, advance notice of the actual "multiple events" it references in its motion, and advance notice of how many times each of the repeat witnesses are expected to testify.

Significantly, the Government references "multiple events", but there is no reference to events in its various indictments, just a broad time-period from January 2013 to present. In an effort to streamline the presentation of evidence and avoid disturbance of the flow of trial, the Government should be ordered to provide notice of these "multiple events" and the pre-trial memorandum containing the witness summaries it was ordered to provide by November 8th and, again, by December 4th and the amount of times those witnesses are expected to testify. Should the Government provide these details and the pre-trial memorandum, Williams will not object to the motion to limit his cross-examination to the direct examination and the credibility of the testifying witness.

I. **MOTION TO USE EVIDENCE DURING OPENING STATEMENT [DOC NO. 630]**

Williams does not object to the Government first presenting to Defendants for review those exhibits and aids it seeks to use in its opening statement. Should Williams object to the use of any exhibits or aids presented by the Government or any other party,

he agrees that such items should be presented to the Court for a determination as to whether it can be presented in opening statements.

        Respectfully Submitted,

        THE WALKER LEGAL GROUP
        *Attorney for Defendant Joh Williams*

DATED:  December 6, 2023    BY: */s/ Kye Walker, Esq.*
        Kye Walker, Esq.
        VI Bar No. 995
        2201 Church Street, Suite 16AB, 2nd Fl.
        Christiansted, St. Croix
        U.S. Virgin Islands 00820
        Telephone: (340) 773-0601
        Fax: (888) 560-0827
        *kye@thewalkerlegalgroup.com*

        BY: */s/ Keila Belt*
        Keila M. Belt, Esq.
        Admitted *Pro Hac Vice*
        Florida Bar No. 114796
        2201 Church Street, Suite 16AB, 2nd Fl.
        Christiansted, St. Croix
        U.S. Virgin Islands 00820
        Telephone: (340) 773-0601
        Fax: (888) 560-0827
        *keila@thewalkerlegalgroup.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the Virgin Islands Judiciary Branch C-Track E-filing System, which will send a notification of such filing (NEF) to all parties and/or their counsel of record as follows:

Delia L. Smith
Assistant United States Attorney
District of the Virgin Islands
5500 Veteran's Drive, Suite 260
St. Thomas, VI 00802
Office: (340) 715-9410
*Delia.Smith@usdoj.gov*

Adam Francis Sleeper
US Attorney/Assistant U.S. Attorney
United States Attorney's Office
5500 Veterans, Drive, Suite 260
St. Thomas, VI 00802
340-774-5757
Fax: 340-776-3474
*adam.sleeper@usdoj.gov*

Jennie M. Espada, ESQ.
Calle Estado 656 8a
San Juan, PR 00907
787-633-7199
Fax: 787-775-0300
*espada.esquire@gmail.com*
Attorney for co-defendant Ivan James

William A. Morrison
The Morrison Firm, LLC
P.O. Box 1221
Tybee Island, GA 31328
470-444-9533
*bill@themorrisonfirm.com*
Attorney for co-defendant Ivan James

Joseph A DiRuzzo, III
DiRUZZO & COMPANY
401 East Las Olas Blvd. Suite 1400,

FT. LAUDERDALE, FL 33301
954-615-1676
Fax: 954-827-0340
jd@diruzzolaw.com
Attorney for co-defendant Ariel Petersen

Bruce Steven Harvey
Law Offices of Bruce Harvey
146 Nassau St. NW
Atlanta, GA 30303
404-659-4628
Fax: 404-681-3953
*bruce@bharveylawfirm.com*
Attorney for co-defendant Kai James

Darren John-Baptiste
2329 Commandant Gade
Unit 3
St. Thomas, VI 00802
340-774-4400
*djohnbap@gmail.com*
Attorney for co-defendant Kai James

Ronald E Russell
The Russell Law Firm, LLP
P.O. Box 3259
Kingshill, VI 00851
340-692-0832
Fax: 844-272-0308
canaanlawgroup@gmail.com
Attorney for co-defendant Kai James

Joannie Plaza-Martinez
Plaza-Martinez Law Firm
1300 Ave. Atenas, Apt. 51
San Juan, PR 00926
787-433-0293
*lcdaplazamartinez@gmail.com*
Attorney for co-defendant Malachi Benjamin

Adam G. Christian
Ogletree Deakins Law Firm
1336 Beltjen Road

Thr Tunick Building Suite 201
St. Thomas, VI 00802
340-714-1235
Fax: 340-714-1245
adam.christian@ogletreedeakins.com
Attorney for co-defendant Tillisa Ceaser

Melaney LaGrone
5043 Norre Gade
Site 6
Charlotte Amallie, VI 00802
340-626-0778
mel@lagronelaw.com
Attorney for co-defendant Jahkiebo Joseph

This document complies with the page or word limitation set forth in Rule 7.1(c)(4).

BY: /s/ *Kye Walker, Esq.*

BY: /s/ *Keila M. Belt, Esq.*